**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CASEY CALPIN,** : | |
| **Plaintiff,** : | **CIVIL ACTION NO. 3:16-2013** |
| **v.** : | **(JUDGE MANNION)** |
| **LACKAWANNA COUNTY,** : | |
| **BRIAN LOUGHNEY, in his** | |
| **individual capacity,** : | |
| **Defendants** : | |

**MEMORANDUM**

Pending before the court is defendants Lackawanna County and Brian Loughney's motion for judgment on the pleadings. (Doc. 17). Also pending is plaintiff Casey Calpin's motion to strike the exhibits attached to defendants' answer to plaintiff's amended complaint. (Doc. 13). Based upon the following analysis, the court will deny the defendants' motion for judgment on the pleadings and, will grant in part and deny in part the plaintiff's motion to strike.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

By way of relevant background, on October 3, 2016, the plaintiff commenced the instant action pursuant to 42 U.S.C. §1983, claiming that the defendants engaged in retaliation due to her participation in First Amendment protected activities. (Doc. 1). On October 4, 2016, the plaintiff filed an amended complaint. (Doc. 3). The plaintiff, a former correctional officer for Lackawanna County Prison ("LCP") for over 15 years, testified at a deposition

in a federal civil rights case, namely, Pleasants v. Lackawanna County, Civil No. 13-1611, M.D.Pa., on March 1, 2016.[1] On June 20, 2016, the plaintiff was interviewed by defendant Loughney, Deputy Director for Human Resources for defendant Lackawanna County, and he possessed the deposition transcript from the plaintiff's deposition in the *Pleasants*' case. Loughney asked plaintiff if she testified truthfully in her deposition and she responded that she did. Subsequently, on July 14, 2016, the plaintiff was terminated by the defendants allegedly "because she provided truthful testimony under oath." The plaintiff also alleges that after she was terminated the defendants appealed her unemployment compensation award "based solely on the testimony she provided under oath at a deposition."

In her amended complaint, the plaintiff asserts two claims relating to her termination. In Count I, the plaintiff claims that defendants, Loughney and Lackawanna County, terminated her in direct retaliation for engaging in a First Amendment protected activity, i.e., giving sworn deposition testimony in a federal court case. The plaintiff also alleges that the defendants retaliated against her due to her testimony by appealing her award of unemployment compensation and by using her testimony as evidence at the appeal hearing. The plaintiff states that despite this evidence the unemployment

---

[1]In Pleasants v. Lackawanna County, former female inmates sued Lackawanna County and LCP officials under §1983 alleging that they knew male correctional officers at LCP were sexually assaulting female inmates and failed to take any action.

compensation referee upheld her award and found that the defendants did not have just cause to terminate her and failed to prove willful misconduct.

In Count II, the plaintiff asserts a municipal liability claim against Lackawanna County under §1983 because it failed to train and supervise its employees in a way that would ensure they did not harm employees engaging in truthful testimony related to court proceedings.

As relief, the plaintiff requests reinstatement, back pay and front pay as well as compensatory damages against both defendants as well as punitive damages as against Loughney.

On November 9, 2016, the defendants filed an answer to the amended complaint, which both denies any liability and raises numerous affirmative defenses, including failure to state a claim and qualified immunity. (Doc. 12). With their answer, the defendants attached eight exhibits to support and supplement their responses and statements made in the answer. The plaintiff then filed a motion to strike the exhibits attached to the defendants' answer, (Doc. 13), and a brief in support of her motion, (Doc. 14). On November 18, 2016, the defendants filed a brief in opposition, (Doc. 16).

On November 18, 2016, the defendants filed a motion for judgment on the pleadings. (Doc. 17). The defendants filed their brief in support on November 21, 2016. (Doc. 19). On December 5, 2016, the plaintiff filed a brief in opposition to the defendants' motion, (Doc. 20), to which the defendants filed a reply brief on December 21, 2016, (Doc. 23). Both motions are ripe for

this court's decision.

This court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.

## II.  LEGAL STANDARDS

### A. Rule 12(c)

Federal Rule of Civil Procedure 12(c) states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment will be granted if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). Generally, the standard for deciding a motion for judgment on the pleadings pursuant to Rule 12(c) is identical to that for deciding a motion to dismiss pursuant to Rule 12(b)(6). Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). The court must view "the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the nonmoving party." *Id.*; *see also* Castaneira v. Potteiger, 621 Fed. Appx. 116, 119-20 (3d Cir. 2015) (not precedential); Washington v. Hanshaw, 552 Fed. Appx. 169, 171 (3d Cir. 2014) (not precedential). However, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). The court also need not accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 554 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. *See also* Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 554, and providing further guidance on the standard set forth therein) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a claim and must state a claim that is plausible on its face).

In deciding the defendants' motion, the court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim. *See* Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In addition, unlike a motion to dismiss, in ruling on a motion for judgment on the pleadings, "the court . . . reviews not only the complaint but also the answer and written instruments attached to the pleadings." Brautigam

v. Fraley, 684 F.Supp.2d 589, 591 (M.D. Pa. 2010).

## B. Section 1983

To state a claim under section 1983, a plaintiff must meet two threshold requirements. She must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

With respect to punitive damages for a §1983 violation, this remedy is

only available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30 (1983). Regarding federal civil rights claims, "reckless indifference" refers to the defendant's knowledge of the illegality of his actions, not the egregiousness of his actions. Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000) (citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999)).

Since Lackawanna County is a municipal agency, the standards annunciated in *Monell* apply to it. *See* Malles v. Lehigh County, 639 F.Supp.2d 566 (E.D.Pa. 2009). Under the Supreme Court precedent of Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), a municipality can be held liable under §1983 only if the plaintiff shows that the violation of his federally protected rights resulted from the enforcement of a "policy" or "custom" of the local government. A court may find that a municipal policy exists when a "'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). It is also possible for a court to find the existence of a municipal policy in "the isolated decision of an executive municipal policymaker." City of St. Louis v. Praprotnik, 485 U.S. 112, 139 (1988). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so

permanent and well settled' as to virtually constitute law." Andrews, 895 F.2d at 1480 (citations omitted). There must be a "direct causal link" between the municipal policy or custom and the alleged constitutional violation. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

## III.   DISCUSSION

The defendants' brief in support of their motion for judgment on the pleadings, (Doc. 19), argues that, pursuant to Rule 12(c), the plaintiff's amended complaint must be dismissed for failure to set forth actionable claims against them. Specifically, the defendants make the following arguments: 1) the plaintiff's First Amendment retaliation claim fails as a matter of law since the wrongdoing she admitted to while testifying in her deposition was not protected speech; 2) defendant Loughney is entitled to qualified immunity from suit; and 3) the plaintiff failed to allege that defendant Loughney was motivated by evil intent or that his conduct involved reckless or callous indifference, which thereby precludes her claim for punitive damages.

### A.   Plaintiff's Motion to Strike Defendants' Exhibits

Each of the theories for dismissal primarily rely on facts included in exhibits attached to the defendants' answer to the amended complaint. (Doc. 12). Therefore, at the outset, the court must determine whether the exhibits attached to defendants' answer may be considered for present purposes.

8

Recently, this court considered a very similar issue in the case of Barnard v. Lackawanna County and Loughney, Civil No. 15-2220, M.D.Pa.[2] In *Barnard*, the plaintiff, an employee of Lackawanna County, participated in union picketing with the Lackawanna County Children & Youth unionized workers and she was subsequently suspended without pay allegedly due to her presence at the rally. The plaintiff claimed that her suspension by defendants Loughney and Lackawanna County was in retaliation for engaging in First Amendment protected activities. The defendants filed an answer to plaintiff's complaint which contained exhibits, some of which were similar to the exhibits submitted by the same defendants in this case, and then they filed a motion for judgment on the pleadings largely relying upon their exhibits. The plaintiff filed a motion to strike defendants' exhibits.

On July 8, 2016, this court issued a memorandum and order in *Barnard* denying plaintiff's motion to strike. The court also found that the defendants were entitled to judgment on the pleadings since the plaintiff waived her First Amendment right to participate in a sympathy strike and therefore could not state a claim for First Amendment retaliation. *See* Barnard v. Lackawanna County, —F.Supp.3d----, 2016 WL 3654473 (M.D.Pa. July 8, 2016).

Plaintiff Calpin's motion to strike is made pursuant to Fed.R.Civ.P. 12(f).

---

[2]The court notes that counsel in *Barnard* are the same counsel in the present case. The court also notes that plaintiff filed a notice of appeal in *Barnard* on August 18, 2016 with the Third Circuit regarding this court's July 8, 2016 memorandum and order which is still pending. Appeal No. 16-3328.

9

She argues that under Rule 12(f) the exhibits submitted by the defendants

with their answer to her amended complaint constitutes evidence and should

be stricken as outside of the pleadings. In Tennis v. Ford Motor Co., 730

F.Supp.2d 437, 443 (W.D.Pa. 2010), the court explained as follows regarding

a Rule 12(f) motion:

> Under Fed.R.Civ.P. 12(f) "[t]he court may strike from a pleading
> an insufficient defense or any redundant, immaterial, impertinent,
> or scandalous matter." Rule 12(f) "permits the court, on its own
> motion, or on the timely motion of a party, to order stricken from
> any pleading any insufficient defense or any redundant,
> immaterial, impertinent, or scandalous matter." Adams v. Cnty. of
> Erie, Pa., 2009 WL 4016636 at *1 (W.D.Pa. Nov. 19, 2009)
> quoting Fed.R.Civ.P. 12(f)). "The purpose of a motion to strike is
> to clean up the pleadings, streamline litigation, and avoid
> unnecessary forays into immaterial matters." Natale v. Winthrop
> Resources Corp., 2008 WL 2758238 at *14 (E.D.Pa. July 9, 2008)
> (quoting McInerney v. Moyer Lumber & Hardware, Inc., 244
> F.Supp.2d 393, 402 (E.D.Pa.2002)).
>
> Although courts possess "considerable discretion in disposing of
> a motion to strike under Rule 12(f), 'such motions are not favored
> and usually will be denied unless the allegations have no possible
> relation to the controversy and may cause prejudice to one of the
> parties, or if the allegations confuse the issues in the case.'"
> Thornton v. UL Enterprises, LLC, 2010 WL 1005021 at *2
> (W.D.Pa. March 16, 2010) (internal citations omitted). "Striking
> some or all of a pleading is therefore considered a drastic remedy
> to be resorted to only when required for the purposes of justice."
> Thornton, 2010 WL 1005021 at *2 (quoting DeLa Cruz v. Piccari
> Press, 521 F.Supp.2d 424, 428 (E.D.Pa. 2007) (quotations
> omitted)).

Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a]

copy of a written instrument that is an exhibit to a pleading is a part of the

pleading for all purposes." Fed.R.Civ.P. 10(c). The types of exhibits that are

considered "written instruments," and are "incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other 'writing[s] on which [a party's] action or defense is based.'" Rose v. Bartle, 871 F.2d 331, 340 n.3 (3d Cir. 1989) (internal citations omitted). Furthermore, a "written instrument" may be characterized as a "legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate." Smith v. Hogan, 794 F.3d 249, 254 (2d Cir. 2015) (citing Black's Law Dictionary (10th ed. 2014)) (finding the Third Circuit's holding in *Rose v. Bartle* to be "persuasive" and "consistent with the general understanding of what a legal or a written instrument is"). Additionally, the Third Circuit has held that "'lengthy exhibits containing . . . evidentiary matter should not be attached to the pleadings.'" Rose, 871 F.2d at 340 n.3 (internal citations omitted); *see also* J.B. Hunt Transport, Inc. v. Liverpool Trucking Co., Inc., 2013 WL 3208586, at *3 (M.D. Pa. 2013) ("Exhibits solely containing evidentiary matter, such as depositions, are not considered 'written instruments' under Rule 10(c) and are typically excluded from consideration of the pleadings."). Finally, affidavits are not considered a "written instrument," and instead are considered outside the pleading. *Id.* Consideration of an affidavit at this stage would convert the motion to one for summary judgment. *Id.*

In the present case, the defendant's answer to the plaintiff's amended

complaint contains eight exhibits, to wit: A) a copy of Lackawanna County Court criminal docket in *Com. of PA v. Black*, Docket No. CP-35-CR-1216-2014; B) a copy of Lackawanna County Court criminal docket in *Com. of PA v. Black*, Docket No. CP-35-CR-0944-2015;[3] C) a copy of plaintiff's March 1, 2016 deposition transcript in the case of Pleasants v. Lackawanna County, Civil No. 13-1611, M.D.Pa.; D) a letter from Loughney dated June 16, 2016 to plaintiff giving her notice of her due process hearing on various charges ("Due Process Letter"), including violation of the collective bargaining agreement ("CBA") and violations of the employee manual due to her alleged falsifying facts during the investigation into Joseph Black and failure to take proper action; E) a certified copy of the county's CBA adopted March 2015; F) a copy of LCP's Employee Manual effective April 2012; G) the July 13, 2016 letter from Loughney to plaintiff notifying her of her termination effective July 14, 2016 after determining in the due process hearing that she was dishonest in the Joseph Black investigation ("Termination Letter"); and H) a copy of the Unemployment Compensation Referee's Decision/Order dated September 12, 2016 regarding the county's appeal of plaintiff's award of unemployment benefits and affirming the award of benefits. (Doc. 12-1 to 12-

---

[3]The court notes that Joseph Black was a former correctional officer ("CO") at LCP who was convicted of charges related to sexual assaults on female inmates at the prison. The Lackawanna County Criminal Dockets for Black's criminal cases can be found at http://ujsportal.pacourts.us.

8). The court must now apply the above stated law and decide if each of these exhibits is a "written instrument" to be incorporated into the defendants' answer pursuant to Rule 10(c).

   With respect to the first two exhibits, copies of Lackawanna County Court Criminal Dockets in *Com. of PA v. Black*, the court can take judicial notice of the dockets as official state court records and matters of public record. *See* Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (In considering a Rule 12(c) motion, the court may consider documents "that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.")(citations omitted).

   The third exhibit is the most troubling, namely, a copy of plaintiff's deposition transcript in the *Pleasants* case which defendants argue shows that plaintiff committed wrongdoing by failing to report the sexual assaults occurring in LCP and by admitting that she did not give a truthful response during the investigation into alleged sexual misconduct at LCP. Defendants also state that the deposition shows that plaintiff admitted she did not disclose, as she was required to do, that a female inmate told her she performed a sex act on CO Joe Black and that this disclosure may have prevented other sexual misconduct by staff at LCP, including subsequent

misconduct by Black himself.

The court finds, as will be discussed below, that the factual content of the plaintiff's deposition transcript in the *Pleasants* case should be stricken for present purposes since it is too far beyond the pleadings and it is not a "written instrument" which may be considered at this juncture by the court since it only contains evidentiary matters. *See* J.B. Hunt Transport, 2013 WL 3208586, at *3.

The fourth exhibit is the Due Process Letter. As this court stated in Barnard, 2016 WL 3654473, *3, "while [the Due Process Letter is] not a contract, [it] does outline the plaintiff's due process rights related to disciplinary proceedings instigated by Lackawanna County." Additionally, the plaintiff's retaliation claim is based upon the defendants' decision to terminate her and their reasons for their decision. This court in Barnard concluded as follows regarding a similar Due Process Letter the county submitted as an exhibit:

> The Due Process Letter documents the steps taken by the defendants to investigate the alleged reasons for suspension and the due process provided to the plaintiff relating to this action; therefore, the plaintiff's claims and the defendants' defenses are based upon this document. Thus, the Due Process Letter is a "written instrument" and may be considered.

Id.

Thus, the court will allow the Due Process Letter as an exhibit to defendants' answer.

14

The fifth exhibit is the CBA. As this court found in Barnard, 2016 WL 3654473, *3, when considering the CBA submitted by the county defendants as an exhibit to their answer:

> the CBA falls neatly within the definition of a written instrument as it is a contractual agreement that defines the plaintiff's rights and duties as an employee of the County of Lackawanna and member the American Federation of State, County and Municipal Employees District Council 87, AFL-CIO. (Doc. 8, Ex. A). Pursuant to Rule 10(c), the CBA is incorporated into the defendants' Answer for all purposes, and therefore, may be considered by this court in ruling upon the instant Motion for Judgment on the Pleadings.

Moreover, as indicated below, the progressive discipline policy to which plaintiff references in her amended complaint is contained in the CBA. (Doc. 12-5 at 42). As such, the court will again allow the CBA as an exhibit to defendants' answer and consider it regarding defendants' instant Rule 12(c) motion.

The sixth exhibit is LCP's Employee Manual. Similar to the CBA, the LCP Employee Manual falls squarely within the definition of a written instrument since it specifies the plaintiff's rights and duties as an employee of LCP. Thus, the court will allow the LCP Employee Manual as an exhibit to defendants' answer and consider it regarding defendants' Rule 12(c) motion.

The seventh exhibit is the Termination Letter. In *Barnard*, this court allowed as an exhibit the Suspension Letter which the county sent the plaintiff. This court in Barnard, 2016 WL 3654473, *3, stated "like the Due Process

Letter, [the Suspension Letter] outlines the plaintiff's rights and liabilities pertaining to her disciplinary hearing." Additionally, in her amended complaint, the plaintiff alleges that her termination was in violation of the county's progressive discipline policy detailed in the CBA. (Doc. 3 at 4). The CBA also provides that "[t]he employer shall not discipline an employee without just cause." (Doc. 12-5 at 41). Specifically, the plaintiff alleges:

> Plaintiff was protected by a Progressive Discipline policy, which states as follows:
>
> The Employer will establish steps of progressive discipline: oral warning, written warning, suspension, and discharge. The following schedule for progressive discipline will be in effect for multiple related offenses:
>
> > 1st Offense: Counseling
> > 2nd Offense: Written Warning
> > 3rd Offense : One (1) to Five (5) day suspension
> > 4th Offense: Five (5) to Ten (10) day suspension with final warning
> > 5th Offense: Termination

Therefore, the plaintiff's claims are partially based upon the Termination Letter and it is clearly a "written instrument" which will be considered by the court.

The final exhibit is a copy of the Unemployment Compensation Referee's Decision/Order. This document is specifically referred to in plaintiff's amended complaint and is relied upon by plaintiff regarding her allegations in Count I, particularly her allegation that "[a]n unemployment compensation referee, a third independent party, found that Defendants did

not have just cause to fire Plaintiff and Defendants did not prove willful misconduct." (Doc. 3 at 5-6). Thus, the court finds that the Unemployment Compensation Referee's Decision/Order is a written instrument and may be incorporated into the defendants' answer. *See* U.S. Fid. & Guar. Co. v. Tierney Assocs., Inc., 213 F.Supp.2d 468, 470 n. 2 (M.D.Pa. 2002) ("Consideration of the content of documents to which a complaint makes reference in deciding a Rule 12 motion is, of course, appropriate."); Spector Gadon & Rosen, P.C. v Fishman, 2015 WL 1455692, *6 (E.D.Pa. March 31, 2015)("a court can take judicial notice of the existence of a judicial opinion, including an arbitration opinion, but not the facts contained therein.")(citing S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999)). Moreover, because plaintiff refers to the decision of the unemployment compensation referee in her amended complaint, not only with respect to the conclusion that defendants appealed her unemployment compensation award but also with respect to the fact that the referee affirmed her award and why it was affirmed, plaintiff "opened the door to consideration of the [referee's] opinion and its factual content." Spector Gadon & Rosen, 2015 WL 1455692, *7.

Thus, the court finds that all exhibits attached to the defendants' answer, except for the plaintiff's deposition transcript in the *Pleasants* case, are not affidavits, do not contain lengthy evidentiary material, and fall squarely within the definition of a "written instrument" for the purpose of Rule 10(c).

17

Therefore, Exhibits A and B, and Exhibits D through H, (Doc. 12), are deemed incorporated into the defendants' answer for all purposes, including the instant motion for judgment on the pleadings. As discussed, Exhibit C will be stricken from defendants' answer with respect to its factual content and, its facts, i.e., the substance of plaintiff's testimony, will not be considered in deciding defendants' Rule 12(c) motion.

In the her instant motion to strike, the plaintiff simply concludes that "[a]ll of the documents attached to Defendants' Answer is (sic) evidence and not a 'written instrument', which could be attached to a pleading." (Doc.14 at 2). To support this conclusion, the plaintiff, as the plaintiff did in *Barnard*, relies only on *In re Empyrean Biosciences, Inc. Securities Litigation*, a district court case from outside the Third Circuit. 219 F.R.D. 408 (N.D. Ohio 2003). As this court stated in Barnard, 2016 WL 3654473, *4:

> Even if this court were to find *In re Empyrean* persuasive, it does not lead to the conclusion that the plaintiff desires, namely, that the documents attached to the defendants' Answer are not "written instruments." The court in *In re Empyrean* was called upon to determine whether an affidavit attached to the complaint may be considered a "written instrument" pursuant to Rule 10(c). After surveying the case-law relating to Rule 10(c) throughout the United States Circuit Courts of Appeal, the court concluded that not all affidavits attached to a pleading are "written instruments," and, more specifically, that "an affidavit . . . which contains evidentiary support for the absent allegations, is not a "written instrument" for purposes of Rule 10(c)." In re Empyrean, 219 F.R.D. at 413.

None of the eight documents attached to the defendants' answer are affidavits. Further, the court has found that the plaintiff's deposition transcript

contains evidentiary matter and will not consider its factual content as a written instrument under Rule 10(c). Thus, the decision in *In re Empyrean* does not support the plaintiff's motion to strike in this case.

## B. Defendants' Motion for Judgment on the Pleadings

The defendants argue that the plaintiff fails to state a retaliation claim because she admitted to wrongdoing in her deposition testimony and thus, did not engage in protected speech under the First Amendment. The defendants cite to Lane v. Franks, — U.S. —, 134 S. Ct. 2369, 2381 n. 5 (2014), and rely on the quote that "[o]f course, quite apart from *Pickering* balancing, wrongdoing that an employee admits to while testifying may be a valid basis for termination or other discipline." They also argue that defendant Loughney is protected by qualified immunity with respect to the claims against him. They further argue that the plaintiff has failed to state a claim for punitive damages against defendant Loughney.

"To establish a First Amendment retaliation claim, a public employee must show that (1) his speech is protected by the First Amendment and (2) the speech was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the speech had not occurred." Dougherty v. School Dist. of Phila., 772 F.3d 979, 986 (3d Cir. 2014) (citing Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009)).

No doubt plaintiff has alleged the three above elements regarding her

19

First Amendment retaliation claim in her amended complaint. Plaintiff alleges that she engaged in constitutionally protected activity by testifying in a deposition in a court case. For support, plaintiff cites to Lane,134 S.Ct. at 2373 and quotes this case by stating "Lane's sworn testimony outside the scope of his ordinary job duties is entitled to First Amendment protection." Plaintiff alleges that she was terminated by defendants from her county job at LCP due to her truthful testimony and that defendants "appealed her [award of] unemployment compensation based solely on the testimony she provided under oath at a deposition." She also alleges that her truthful testimony was the sole reason why defendants terminated her and why defendants appealed her unemployment compensation award.

The gist of defendants' argument in their motion is that plaintiff was not terminated for testifying in the deposition in the *Pleasants* case but, rather she was terminated for the facts to which she admitted in her deposition, namely, not being truthful in the LCP investigation and failing to follow protocols in the LCP manual, i.e., her own wrongdoing. Thus, defendants assert that plaintiff simply cannot establish she was retaliated against due to protected speech under the First Amendment and her retaliation claim fails as a matter of law under *Lane*. The defendants heavily rely upon the facts contained in plaintiff's deposition testimony they submitted as an attachment to their answer and this exhibit is the lynchpin to support their contention that plaintiff's retaliation claim fails as a matter of law. The question is whether the facts contained in

plaintiff's deposition transcript can be considered with respect to defendants' instant motion or whether it is more appropriate evidence for a later summary judgment motion after discovery, including plaintiff's deposition in this case to afford plaintiff an opportunity to explain her testimony in the *Pleasants* case.

As indicated above, the court will strike plaintiff's deposition transcript regarding the factual content of plaintiff's testimony contained therein for purposes of defendants' Rule 12(c) motion. Even though plaintiff's amended complaint references her deposition in the *Pleasants* case as the basis for her retaliation claim, the actual transcript defendants submitted contains factual evidence to dispute plaintiff's claim which is not appropriate for consideration with respect to their Rule 12(c) motion. In *Barnard*, defendants did not attach any deposition transcript or any similar document containing such evidentiary matters as an exhibit to their answer. In short, defendants' motion is not based on the fact that plaintiff gave testimony in the *Pleasants* case. Rather, it is based on the substance of what plaintiff said in her testimony and it relies upon her deposition transcript. As such, the transcript only contains evidentiary matters upon which defendants primarily rely to support their argument that plaintiff's First Amendment retaliation claim fails as a matter of law. Thus, the transcript, insofar as it is offered by defendants for the facts contained therein, must be excluded for purposes of defendants' Rule 12(c) motion. Of course, the existence of the transcript can be considered as a matter of a public record and as a document referenced in plaintiff's amended

complaint and integral to her retaliation claim. However, at this stage, it will not be considered for the truth of the facts to which plaintiff testified therein. *See* S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

In her brief in opposition to defendants' motion, plaintiff also relies upon evidence outside of the pleadings to support her contention that she did not report the sexual misconduct of CO Black and did not reveal it during the investigation at LCP since the county already had knowledge of these activities at LCP since 2011, almost five years earlier, and did not take any action to stop it. Plaintiff also offers evidence to support her contention that four other female CO's at LCP were aware of the alleged sexual misconduct at the prison and that "none of those [CO's] were terminated for failing to report any of Black's sexual improprieties."

Material factual issues clearly exist regarding plaintiff's retaliation claim which precludes the granting of defendants' Rule 12(c) motion. *See* CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 193 (3d Cir. 1999). Since the court has stricken the factual content of plaintiff's deposition transcript at this stage of the case, it is not able to determine without the benefit of discovery whether plaintiff's deposition testimony was protected speech. Nor will the court, at this juncture, conduct the three-step inquiry and balancing test established in Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731 (1968), to determine whether plaintiff's speech is protected.

As such, the court will deny defendants' Rule 12(c) motion and permit factual development of the record with respect to plaintiff's retaliation claim. Defendants will be able to re-assert their arguments after discovery in a summary judgment motion if they so choose.[4] *See* Mobley v. Tarlini, 641 F.Supp.2d 430 (E.D.Pa. 2009).

The court also finds that since it will allow the plaintiff's First Amendment retaliation claim in Count I of her amended complaint to proceed as against defendant Loughney based on his alleged conduct, the plaintiff's claim for municipal liability against the defendant county in Count II resulting from such conduct will also be allowed to proceed. Plaintiff has sufficiently alleged a constitutional claim against the county under *Monell, supra*. Because the court finds that the plaintiff has plead facts sufficient to state a First Amendment retaliation claim against Loughney, the court also finds that Count II of the amended complaint, claiming municipal liability resulting from Loughney's conduct alleged in Count I, will also be allowed to proceed.

As their next argument, the defendants assert that, even if the court rejects their argument that plaintiff's First Amendment claim must fail since her deposition transcript shows that she engaged in wrongdoing and not protected speech, claims against defendant Loughney must be dismissed because he is immune from suit under the doctrine of qualified immunity. As

---

[4]Nor will the court consider the exhibits plaintiff attached to her Doc. 20 brief in opposition. Plaintiff can re-submit these exhibits in a later dispositive motion after discovery if she so chooses.

discussed, the court has found that at this stage of the proceedings neither defendant is entitled to judgment on the pleadings regarding plaintiff's First Amendment claim instead allowing discovery to be conducted.

The doctrine of qualified immunity provides that government officials performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999); Saucier v. Katz, 533 U.S. 194, 200-01 (2001); Reichle v. Howards, ––– U.S. ––––, 132 S.Ct. 2088, 2093 (2012)("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."). Qualified immunity provides not only a defense to liability, but "immunity from suit." Hunter v. Bryant, 502 U.S. 224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

To determine whether defendant Loughney is entitled to qualified immunity, the court must analyze two factors: 1) whether the plaintiff has shown facts that make out a constitutional rights violation, and if so, 2) whether those rights were "clearly established" at the time of the incident. Pearson v. Callahan, 555 U.S. 223, 232 (2009); *see also* Perez v. Borough of Berwick, 507 Fed.Appx. 186, 192 (3d Cir. 2012) ("To determine whether the individual officers are entitled to qualified immunity, the District Court [is] required to consider whether, under the factual scenario of this case, the

24

officers were reasonable to believe that their actions did not violate the [plaintiff's] clearly established rights.").

At the present stage of this case, and based on the above discussion, it is premature to determine whether defendant Loughney is entitled to qualified immunity. *See* Williams v. Papi, 30 F.Supp.3d 306, 314 (M.D. Pa. 2014) ("[T]he Third Circuit has cautioned that 'it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases'") (quoting Newland v. Reehorst, 328 F.App'x. 788, 791 n. 3 (3d Cir. 2009)). As in the *Williams* case, the court finds that "a determination of qualified immunity is inappropriate at the pleading stage" in the present case. *Id.*

The plaintiff has stated a cognizable constitutional claim under the First Amendment against defendant Loughney. *See* Dougherty, 772 F.3d at 990 ("In *Lane*, the Supreme Court held that truthful sworn testimony, compelled by subpoena and made outside the scope of the employee's 'ordinary job responsibilities,' is protected under the First Amendment.") (citing Lane, 134 S.Ct. at 2378).[5] In viewing the facts in the amended complaint in the light

---

[5]The court notes however that in Dougherty, 772 F.3d at 988, the Third Circuit also stated that it has "declined to extend First Amendment protection to speech where public employees were required to take the speech 'up the chain of command.'" (citing Foraker v. Chaffinch, 501 F.3d 231, 241–43 (3d Cir. 2007)("holding that police officers' statements concerning hazardous conditions at a firing range were made within their official duties since they were obligated to report that type of information up the chain of command), *abrogated on other grounds by* Borough of Duryea v. Guarnieri, 564 U.S. 379,

most favorable to the plaintiff, it is alleged that Loughney violated plaintiff's constitutional rights by terminating her based solely on her court deposition testimony. As such, the court does not find at this stage of the case that qualified immunity exists as a matter of law. After discovery is conducted by the parties and the factual record is fully developed, defendant Loughney can re-assert the qualified immunity defense in a summary judgment motion if appropriate. *See* Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004) ("defendant[] can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.") (citations omitted).

As mentioned, the plaintiff seeks punitive damages as against Loughney. The defendants argue that the plaintiff is not entitled to punitive damages under §1983 as a result of Loughney's alleged actions. Since the court has found that plaintiff has stated a claim against Loughney under §1983, it will consider whether she has alleged sufficient allegations to allow her punitive damages claim to proceed against him.

The court finds, at this stage, that plaintiff has sufficiently alleged "reckless indifference" with respect to Loughney's knowledge of the illegality of his actions to seek punitive damages with respect to her claims under §1983. *See* Alexander v. Riga, 208 F.3d at 430-31. As such, the plaintiff's

131 S.Ct. 2488 (2011)).

claim for punitive damages against defendant Loughney in his individual capacity will also be allowed to proceed at this time.

## IV.   CONCLUSION

For the foregoing reasons, the court will **DENY** plaintiff's motion to strike the exhibits attached to defendants' answer to her amended complaint, (Doc. 13), except with respect to Exhibit C, her deposition transcript. Also, the court finds that the defendants are not entitled to judgment on the pleadings because, taking the facts in the light most favorable to the plaintiff, the plaintiff has plausibly stated a First Amendment retaliation claim against them. Thus, the defendants' motion for judgment on the pleadings, (Doc. 17), will be **DENIED**. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Date: February 14, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2013-01.wpd

27