# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASEY CALPIN, : | |
|    Plaintiff, : | |
|    v. : | CIVIL ACTION NO. 3:16-2013 |
| LACKAWANNA COUNTY, : | (JUDGE MANNION) |
| BRIAN LOUGHNEY, in his | |
| individual capacity, : | |
|    Defendants : | |

## MEMORANDUM

Pending before the court is plaintiff Casey Calpin's motion, (Doc. 28), for the court's permission to use the sealed deposition transcript from another federal civil case in the instant case for purposes of opposing defendants Lackawanna County and Brian Loughney's motion for summary judgment, (Doc. 34). Based upon the following analysis, the court will **DENY** the plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By way of relevant background, on October 3, 2016, the plaintiff commenced the instant action pursuant to 42 U.S.C. §1983, claiming that the defendants engaged in retaliation due to her participation in First Amendment protected activities. (Doc. 1). On October 4, 2016, the plaintiff filed an amended complaint. (Doc. 3). The plaintiff, a former correctional officer for Lackawanna County Prison ("LCP") for over 15 years, testified at a deposition

1

in a federal civil rights case, namely, Pleasants v. Lackawanna County, Civil No. 13-1611, M.D.Pa., on March 1, 2016. On June 20, 2016, the plaintiff was interviewed by defendant Loughney, Deputy Director for Human Resources for defendant Lackawanna County, and he possessed the deposition transcript from the plaintiff's deposition in the *Pleasants*' case. Loughney asked plaintiff if she testified truthfully in her deposition and she responded that she did. Subsequently, on July 14, 2016, the plaintiff was terminated by the defendants allegedly "because she provided truthful testimony under oath." The plaintiff also alleges that after she was terminated the defendants appealed her unemployment compensation award "based solely on the testimony she provided under oath at a deposition [in the *Pleasants*' case]."

In her amended complaint, the plaintiff asserts two claims relating to her termination. In Count I, the plaintiff claims that defendants, Loughney and Lackawanna County, terminated her in direct retaliation for engaging in a First Amendment protected activity, i.e., giving sworn deposition testimony in a federal court case. The plaintiff also alleges that the defendants retaliated against her due to her testimony by appealing her award of unemployment compensation and by using her testimony as evidence at the appeal hearing. The plaintiff states that despite this evidence the unemployment compensation referee upheld her award and found that the defendants did not have just cause to terminate her and failed to prove willful misconduct.

In Count II, the plaintiff asserts a municipal liability claim against

2

Lackawanna County under §1983 because it failed to train and supervise its employees in a way that would ensure they did not harm employees engaging in truthful testimony related to court proceedings.

As relief, the plaintiff requests reinstatement, back pay and front pay as well as compensatory damages against both defendants as well as punitive damages as against Loughney.

On November 9, 2016, the defendants filed an answer to the amended complaint, which both denies any liability and raises numerous affirmative defenses, including failure to state a claim and qualified immunity. (Doc. 12). With their answer, the defendants attached eight exhibits to support and supplement their responses and statements made in the answer. The plaintiff then filed a motion to strike the exhibits attached to the defendants' answer, (Doc. 13). The plaintiff's motion was briefed.

On November 18, 2016, the defendants filed a motion for judgment on the pleadings. (Doc. 17). The defendants' motion was then briefed.

On February 14, 2017, the court issued a memorandum, (Doc. 24), and order, (Doc. 25), denying plaintiff's motion to strike the exhibits attached to defendants' answer to her amended complaint, (Doc. 13), except with respect to Exhibit C, her deposition transcript. The court also denied the defendants' motion for judgment on the pleadings, (Doc. 17), since it found the plaintiff plausibly stated a First Amendment retaliation claim against them.

Discovery was then conducted and the court extended the deadline to

August 30, 2017. (Doc. 27).

On August 29, 2017, the plaintiff filed her motion for the court's permission to use the sealed deposition transcript of LCP Captain Robert Mcguire from the case of Sopinski v. Lackawanna County, Civil No. 16-466, M.D.Pa., (Doc. 27), in her present case to oppose defendants' motion for summary judgment, (Doc. 34), filed on September 20, 2017. On August 30, 2017, the plaintiff filed her brief in support of her motion. (Doc. 29). Defendants filed their brief in opposition on September 13, 2017. (Doc. 31). Plaintiff filed her reply brief on September 22, 2017. (Doc. 37).

This court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343. Venue is proper in this district.

## II. DISCUSSION

Plaintiff simply states that she the has right "to inspect and copy public records and documents, including judicial records and documents" and, that she should be allowed to use the sealed deposition of Mcguire that her counsel took in the *Sopinski* case since there is no harm or prejudice to defendants.[1] (Doc. 29). Plaintiff cites to Leucadia v. Applied Extrusion Technologies, Inc., 998 F.2d 157 (3d Cir. 1993), without discussing the relevancy of this case and how it supports her instant motion.

---

[1]The court notes that the plaintiff's and defendants' counsel in the *Sopinski* case are the same counsel for the parties in the present case.

4

Defendants provide a brief background of the *Sopinski* case and state that "[o]n November 17, 2016, [Judge] Mariani sealed the deposition testimony of Robert Mcguire in *Sopinski v. Lackawanna County*, [3:16-cv-00466 at (Doc. 34)]", and that "[t]he *Sopinski* case was closed on July 6, 2017 (Doc. 39)." (Doc. 31 at 2). Defendants state that the court in *Sopinski* sealed "Mcguire's deposition transcript pursuant to a request made by defense counsel during the course of the deposition." (Id. at 4). Defendants concede that "the request to seal [Mcguire's deposition transcript] was unconnected with any formal written discovery motion," such as a motion for a protective order. (Id.).

Sopinski was a former Correctional Officer at the LCP and he filed a complaint in this court in March 2016 raising claims against defendant Lackawanna County pursuant to the Family Medical Leave Act, 29 U.S.C. §2615, *et seq*. and, claims against the county and Loughney pursuant to 42 U.S.C. §1983 alleging violations of his Fourteenth Amendment rights to procedural due process. *See* Sopinski, 2016 WL 6826166 (M.D.Pa. Nov. 18, 2016).

Defendants contend that the *Leucadia* case does not support plaintiff's present request to use Mcguire's sealed deposition testimony. In *Leucadia*, 998 F.2d at 165, the Third Circuit held that "there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not, but no such right

5

as to discovery motions and their supporting documents." Thus, the Court found that there was a common law presumption of access to filed judicial records regarding nondiscovery pretrial motions. Here, plaintiff is claiming that she has a common law right of access to use the sealed deposition testimony of Mcguire from the *Sopinski* case to oppose defendants' summary judgment motion. Defendants maintain that "[t]he Third Circuit in *Leucadia* declined to extend the common law presumption of access to discovery motions and their supporting documents, which conflicts with Plaintiff's request to unseal Robert Mcguire's deposition transcript in the *Sopinski* matter." (Doc. 31 at 4) (citing Leucadia, 998 F.3d at 164; Seattle Times v. Rhinehart, 467 U.S. 20, 33, 104 S.Ct. 2199 (1984) (holding that "pretrial depositions and interrogatories are not public components of a civil trial").

In her reply brief, (Doc. 37), plaintiff clarifies her position by stating that "[she] is not seeking to unseal the deposition of Robert Mcguire in the *Sopinski* matter, but rather file a copy of the [deposition] <u>under seal</u> in this matter to support [her] claims." Plaintiff cites to Fed.R.Civ.P. 26(b)(1) and argues that the deposition testimony of Mcquire "will support [her] claims and rebut Defendant's claimed reason for firing [her]." She contends that the transcript is relevant and that she "should be able to access and use it pursuant to Rule 26."

The issue in this case turns on relevance. Defendants argue that plaintiff has failed to indicate how she intends to use Maguire's sealed

6

deposition testimony in *Sopinski* and how his testimony is relevant in this case. As mentioned, plaintiff broadly states why she believes Mcguire's deposition testimony is relevant to her present claims.

Generally, the scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The information need not be admissible to be discoverable. *Id*. "While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to 'show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence.'" Aetrex Worldwide, Inc. v. Burten Distribution, Inc., 2014 WL 7073466, *2 (D.N.J. Dec. 15, 2014) (citation omitted).

The court finds that plaintiff has not satisfied her burden to show that Mcguire's sealed deposition transcript in *Sopinski*, which she now requests permission to use, is relevant. Since plaintiff is requesting the court's permission to allow her to use the sealed Mcguire transcript claiming it is relevant to her claims and defense, it was incumbent on her to meet the burden of demonstrating the transcript's relevancy. Even if relevancy is broadly construed, as it is for the purpose of discovery, plaintiff has completely failed to show how the transcript is relevant.

## III. CONCLUSION

For the foregoing reasons, the court will **DENY** plaintiff's motion, (Doc. 28), for the court's permission to use the sealed Mcguire deposition transcript from the *Sopinski* case. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 20, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2013-02.wpd

8