## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| CASEY CALPIN, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 3:16-2013 |
| | : | (JUDGE MANNION) |
| LACKAWANNA COUNTY, BRIAN LOUGHNEY, in his individual capacity, | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

Pending before the court is plaintiff Casey Calpin's motion to compel a response to her subpoena duces tecum under Rule 45 she served on an attorney who does not represent a party in this case and, she seeks him to produce documents he obtained during depositions in another federal civil case he handled. (Doc. 32). Plaintiff indicates that she served her subpoena on non-party Attorney Matthew Comerford and that he failed to respond to it. Based upon the following analysis, the court will **DENY** the plaintiff's motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Since the court recently detailed the procedural and factual background of this case in its October 20, 2017 Memorandum, (Doc. 43), denying plaintiff's Doc. 28 motion, they will not be fully repeated herein. Suffice to say that plaintiff filled her motion to compel Attorney Comerford to respond to her subpoena on September 13, 2017, (Doc. 32), and the next day she filed her

1

brief in support, (Doc. 33). While plaintiff served defendants' counsel, she failed to serve Attorney Comerford with either her motion or her brief. Defendants' counsel did not concur in plaintiff's motion, but he did not file a brief in opposition to it. It appears that since Attorney Comerford was not served with plaintiff's motion, he did not respond to it.

Briefly, as a backdrop to the current motion, Attorney Comerford represented a plaintiff in a federal civil rights case, namely, *Pleasants v. Lackawanna County*, Civil No. 13-1611, M.D.Pa.[1], which was closed on April 1, 2016, after a settlement was reached. Calpin was a defendant in the *Pleasants* case. According to plaintiff Calpin, various documents were introduced during depositions in the *Pleasants* case, including a report of Lackawanna County Prison ("LCP") Captain Robert Mcguire, which plaintiff contends "will show Lackawanna County was aware of inmate Pasco's allegations [regarding sexual abuse of female inmates at LCP by prison staff] in January 2011 and took no action at that time." Plaintiff states that the documents will "negat[e] any type of liability against [her in the instant case] since Lackawanna County was [already] aware of the inmate's allegations" well before she testified at a deposition in the *Pleasants* case on March 1, 2016. (Doc. 33). Defendants in this case maintain that they terminated plaintiff

---

[1]In *Pleasants v. Lackawanna County*, a former female inmate sued Lackawanna County and LCP officials under §1983 alleging that they knew male correctional officers at LCP were sexually assaulting female inmates, including Pleasants, and that they failed to take any action.

2

from her position at LCP based on facts to which she admitted in her deposition in *Pleasants*, namely, not being truthful in the LCP investigation and failing to follow protocols in the LCP manual.

## II. DISCUSSION

According to plaintiff's August 24, 2017 subpoena attached to her motion, (Doc. 32-1), she directed Attorney Comerford to provide her with "[a]ny and all exhibits or documents referred to in any deposition or hearing transcripts taken in the matter of *Pleasants v. Lackawanna County*, 15-cv-2433 and/or Shawna Mecca v. Black, 13-cv-1121, including but not limited to Captain Maguire's report."

Plaintiff's subpoena to Attorney Comerford was issued under Fed.R.Civ.P. 45. The court in Highland Tank & Mfg. Co. v. PS Intern., Inc., 277 F.R.D. 374, 379 (W.D. Pa. 2005), stated:

> Generally, Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a person to whom it is directed to attend and give testimony, or to produce and permit the inspection of designated documents. [footnote omitted]. Rule 45(a)(1)(C). Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit. *See* Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45.

Initially, Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person." The proof of service and the declaration of server on the subpoena filed as an exhibit with the court are

blank. Thus, there is no indication that Attorney Comerford was personally served with plaintiff's subpoena as required. Plaintiff's subpoena also contains the wrong civil number for the *Pleasants* case.

Attorney Comerford neither responded to plaintiff's subpoena nor did he object to it. Rule 45 provides protections for a non-party who is the subject of a subpoena. "After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena." In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 238 (E.D.Pa. 2014). Further, Attorney Comerford did not file a motion to quash the subpoena served on him under Rule 45(d). No doubt that "only the non-parties whom are served with the subpoenas may move to have them quashed under [Rule 45]." CedarCrestone Inc. v. Affiliated Computer Services LLC, 2014 WL 3055355, *3 (M.D.Pa. July 3, 2014) (citation omitted). Regardless, the subpoena to Attorney Comerford is clearly overbroad and compliance with it would be unduly burdensome. Discovery requests can be limited to protect the person to whom they are directed from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Plaintiff states that her "request for documents [to Attorney Comerford] is relevant to her claim since it refutes Defendants' alleged reason for her termination since Lackawanna County knew of inmate Pasco's allegations way before Plaintiff disclosed the same in November 2011." (Doc. 33 at 2).

4

Nonetheless, plaintiff fails to indicate that her counsel conferred with Attorney Comerford before she filed her motion to compel and, as mentioned, she appears to have failed to even serve Comerford with her motion. The law is clear that only "[a]fter providing notice to the subpoenaed nonparty, the subpoenaing party may move the court to compel compliance with the subpoena." Domestic Drywall Antitrust Litigation, 300 F.R.D. at 238 (citing Rule 45(d)(2)(B)(I)). Nor does plaintiff indicate that she gave defendants in this case prior notice of her subpoena to Attorney Comerford as required. "A party issuing a subpoena to a nonparty for the production of documents during discovery must provide prior notice to all parties to the litigation." Id. at *6 (citing Fed.R.Civ.P. 45(a)(4) ("[B]efore [a subpoena duces tecum] is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.")).

Moreover, even though the documents plaintiff seeks appear to be relevant under Rule 26(b)(1), which allows the discovery of "any nonprivileged matter that is relevant to any party's claim or defense", the court sees no reason why plaintiff could not have obtained the documents herself during discovery in this case, and plaintiff does not state any such reasons in her motion and brief. In fact, the court extended the discovery deadline to August 30, 2017 which provided both parties with ample time to obtain their evidence. (Doc. 27). Additionally, since Calpin was a party defendant in the *Pleasants* case, she fails to explain why she could not obtain the documents at issue

from her counsel in that case. Thus, plaintiff fails to show a substantial need regarding why the requested documents must be produced by Attorney Comerford via her subpoena.

III. **CONCLUSION**

For the foregoing reasons, the court will **DENY** plaintiff's motion to compel Attorney Comerford's response to her subpoena duces tecum under Rule 45. (Doc. 32). An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 30, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2013-03.wpd